**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SOCIETY INSURANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. **21-CV-05551** |
| | ) | |
| BANGKOK VIDEO AND GROCERY INC., | ) | |
| d/b/a Gorilla Sushi Bar on Clark, Gorilla Sushi, | ) | |
| an Illinois corporation, and JOHN DALY. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, SOCIETY INSURANCE ("Society"), by and through its attorneys, Michael D. Sanders and Amy E. Frantz of Purcell & Wardrope, Chtd., and for its Complaint for Declaratory Judgment against Defendants BANGKOK VIDEO AND GROCERY INC., d/b/a Gorilla Sushi Bar on Clark, Gorilla Sushi ("Bangkok"), an Illinois corporation, and JOHN DALY states as follows:

**INTRODUCTION**

1.      This is an action for declaratory judgment for the purpose of determining a question of actual controversy regarding Society's obligation to provide insurance coverage to Defendant Bangkok with respect to a putative class action filed by John Daly against Bangkok. Daly alleges that Bangkok engaged in deceptive marking practices with respect to the advertising of its sushi and, in doing so, violated the Illinois Consumer Fraud and Deceptive Business Practices Act, committed fraud, and was unjustly enriched. These allegations do not come within the scope of coverage under the insurance policies that Society issued to Bangkok.

**PARTIES**

1

2.     Society Insurance is a mutual company organized under the laws of the State of Wisconsin, with its principal place of business in Fond du Lac, Wisconsin, and is a citizen of Wisconsin for purposes of this Court's jurisdiction.

3.     Bangkok Video and Grocery Inc. is an Illinois corporation, with its principal place of business in Chicago, Illinois, and is a citizen of Illinois for purposes of this Court's jurisdiction.

4.     John Daly is a resident and citizen of the State of Illinois. Daly is named as a defendant in this action as a necessary party, but this action seeks no specific or affirmative relief against Daly, and in the event that he stipulates to be bound by the judgment herein, Society will dismiss Daly as a defendant.

**JURISDICTION, AND VENUE**

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties

6.     The amount in controversy exceeds $75,000 exclusive of interest and costs. Daly seeks, on behalf of a proposed Class consisting of all United States citizens who purchased mislabeled sushi from Bangkok within the past five years, reimbursement of amounts paid for the purchase of mislabeled sushi; damages for mental anguish (stress, aggravation, frustration, emotional distress, mental anguish, loss of trust, serenity and confidence); actual damages; punitive damages; and attorneys' fees and costs.

7.     This Court has jurisdiction to grant declaratory relief under 28 U.S.C. § 2201 because an actual controversy exists between the parties as to their respective rights and obligations under the Society Policies with respect to coverage for the Underlying Lawsuit.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Daly's claims occurred within the Northern District of Illinois.

## ALLEGATIONS OF UNDERLYING LAWSUIT

9.      On August 19, 2021, John Daly filed a complaint in the Circuit Court of Cook County, Illinois, Chancery Division, under cause number 2021-CH-4139, against Defendant Bangkok Video and Grocery Inc. d/b/a Gorilla Sushi Bar on Clark, Gorilla Sushi ("Underlying Lawsuit"). A copy of said complaint is attached hereto as Exhibit A.

10.      The Underlying Lawsuit alleges Bangkok mislabels sushi it sells to its customers as "Red Snapper."  It is alleged that the "Red Snapper" sushi is actually Tilapia, a low-quality, non-premium, and less desirable fish, but sells the Tilapia at premium prices.

11.      The Underlying Lawsuit further alleges that the mislabeling of the sushi product violates  U.S. Food and Drug Administration regulations for marketing and labeling seafood sold in interstate commerce, including domestic and imported fish ("the Seafood List").

12.      The Underlying Lawsuit alleges that Bangkok's representations about its sushi are false and misrepresentative and were intended to mislead customers into believing the sushi they were purchasing was a premium, highly desirable fish when instead they were purchasing a non-premium, low-quality fish.

13.      According to the Underlying Lawsuit, Bangkok made false promises, misrepresentations, concealments, suppressions, and omission of material facts, with the intent that Plaintiff rely upon them, there by violating the Illinois Consumer Fraud and Deceptive Business Practices Act ("ILCFA"). As a result, the Underlying Lawsuit seeks a declaration that

Bangkok's conduct violated the ILCFA, enjoining Bangkok from engaging in similar conduct in the future, actual damages, punitive damages, and costs and attorneys' fees.

14.     The Underlying Lawsuit also alleges Bangkok's mislabeling constituted false statements of material facts, intended to induce customers to rely upon them in purchasing the sushi product. In reasonable reliance upon Bangkok's statements, the Underlying Lawsuit alleges they suffered loss of money spent on the sushi products and stress, aggravation, frustration, inconvenience, emotional distress, mental anguish, and similar categories of damages.

15.     The Underlying Lawsuit also claims Bangkok was unjustly enriched by retaining the revenues from customers' purchase of the sushi products based on the false statements, and Bangkok's retention of the profits is unjust and inequitable. It seeks restitution of the money paid for the sushi products.

16.     The Underlying Lawsuit purports to bring the lawsuit on behalf of Daly and a Class consisting of "All persons within the United States who purchased the [sushi] Products within five years prior to the filing of the [Underlying] Complaint through the date of class certification."

17.     It also purports to bring the lawsuit on behalf of a Sub-Class consisting of "All persons within the State of Illinois who purchased the [sushi] Products within five years prior to the filing of the [Underlying] Complaint through the date of class certification."

**THE SOCIETY POLICIES**

18.     Society issued a policy of insurance to Gorilla Sushi Bangkok Video & Grocery Inc., policy number BP19047838-0, with a policy period of January 1, 2020 to January 1, 2021 (policy declarations attached as Exhibit B(2).) Thereafter, Society issued a policy of insurance to Bangkok, policy number BP19047838-1, for the policy period January 1, 2021 to January 1,

2022 (complete policy attached as Exhibit B(1).). Both policies will be referred to collectively as "the Society Policies".

19.     Each of the Society Policies contains the following provisions:

_____

**A. Coverages**

   **1. Business Liability**

     **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

          \*      \*      \*

     **b.** This insurance applies:

       **(1)** To "bodily injury" and "property damage" only if:

         **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

         **(b)** The "bodily injury" or "property damage" occurs during the policy period; and

         **(c)** Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

       **(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

          \*      \*      \*

     **f.** Coverage Extension – Supplementary Payments
       1)  We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
          \* \* \*

e)  All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

*    *    *

**B.  Exclusions**

**1.  Applicable to Business Liability Coverage**

**a.  Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

*    *    *

**o.  Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)**  "Your product";

**(2)**  "Your work"; or

**(3)**  "Impaired property";

If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**p.  Personal And Advertising Injury**

"Personal and advertising injury":

**(1)**  Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

**(2)**  Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

**(3)**  Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

*    *    *

**(6)**  Arising out of the failure of goods, products, or services to conform with any statement of quality or performance made in your "advertisement";

**(7)**  Arising out of the wrong description of the price of goods, products or services stated in your "advertisement";

*    *    *

**F.  Liability And Medical Expenses Definitions**

6

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

    a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    b. Regarding web-sites, only that part of a web-site that is about your goods, products, or services for the purposes of attracting customers or supporters is considered an advertisement.

    \*       \*       \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    \*       \*       \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offense:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f. The use of another's advertising idea in your "advertisement"; or

    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

    \*       \*       \*

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    \*       \*       \*

7

## COUNT I – No Coverage Because Allegations Are Not Within Insuring Agreement

20.     Plaintiff Society realleges Paragraphs 1–19 as Paragraph 20 of Count I as if fully set forth herein.

21.     The Society Policies provide that Society will defend the insured against any suit seeking damages because of "bodily injury," "property damage," or "personal and advertising injury" to which the Society Policies apply.

22.     The Society Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

23.     The Underlying Lawsuit does not allege bodily injury, sickness, or disease sustained by a person and, therefore, the Underlying Lawsuit does not allege "bodily injury" within the meaning of the Society Policies.

24.     The Society Policies define "property damage" as (a) "Physical injury to tangible property, including all resulting loss of use of that property," or (b) "Loss of use of tangible property that is not physically injured."

25.     The Underlying Lawsuit does not allege physical injury to tangible property or loss of use of tangible property and, therefore, does not allege "property damage" within the meaning of the Society Policies.

26.     The Society Policies do not cover "bodily injury" or "property damage" unless it is caused by an "occurrence," defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

27.     The Underlying Lawsuit alleges knowing and intentional conduct on the part of Bangkok and therefore does not allege an accident or "occurrence" within the meaning of the Society Policies.

28. The Society Policies define "personal and advertising injury" as injury arising out of the offenses of (a) false arrest, detention, or imprisonment; (b) malicious prosecution; (c) wrongful eviction; (d) slander or libel; (e) publication of material that violates a person's right of privacy; (f) use of another's advertising idea in the insured's advertisement; or (g) infringing upon another's copyright, trade dress, or slogan in the insured's advertisement.

29. The Underlying Lawsuit does not allege conduct falling within the offenses listed in the definition of "personal and advertising injury" or any injury resulting from those offenses.

30. Society therefore has no duty under the Society Policies to defend or to indemnify Bangkok with respect to the Underlying Lawsuit and the conduct alleged within said lawsuits.

31. Upon information and belief, the defendants disagree with the foregoing positions.

32. There is an actual and justiciable controversy between the parties, which may be determined by a judgment order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY requests this Court to enter an order:

a. Finding and declaring that the Underlying Lawsuit and the conduct alleged therein does not seek damages because of "bodily injury" or "property damage" caused by an "occurrence" or for "personal and advertising injury" caused by an offense as those terms are defined by the Society Policies and the law;

b. Finding and declaring that Society has no obligation under the Society Policies to defend or indemnify Bangkok with respect to the Underlying Lawsuit; and

c. Granting Society any and all other relief this Court deems proper.

**COUNT II – No Coverage Because of Policy Exclusions**

33.     Pleading in the alternative and without prejudice to its other pleadings and allegations, Plaintiff Society realleges Paragraphs 1–32 as Paragraph 33 of Count II as if fully set forth herein.

34.     There is no liability coverage for a claim or suit that comes within the exclusions of the Society Policies.

35.     The Society Policies exclude coverage for "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured."

36.     The Society Policies also exclude coverage for "personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

37.     The Society Policies also exclude coverage for "personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with the knowledge of its falsity.

38.     The Underlying Lawsuit alleges Bangkok engaged in wrongful acts that were misleading, deceptive, unfair, and fraudulent.

39.     Even if the Underlying Lawsuit alleged "bodily injury" or "property damage" within the meaning of the Society Policies, it would allege only "bodily injury" or "property damage" expected or intended from the standpoint of Bangkok and, therefore, is excluded from coverage under the Society Policies.

40.     Additionally, even if the Underlying Lawsuit alleged "personal and advertising injury" within the meaning of the Society Policies, it would allege only "personal and advertising injury" caused by or at the direction of Bangkok with the knowledge the act would violate the

10

rights of another and would inflict "personal and advertising injury" and, therefore, is excluded from coverage under the Society Policies.

41.     Further, even if the Underlying Lawsuit alleged "personal and advertising injury" within the meaning of the Society Policies, the lawsuit would allege only "personal and advertising injury" arising out of oral or written publication of material done by or at the direction of Bangkok with the knowledge that the information was false and, therefore, is excluded from coverage under the Society Policies.

42.     The Society Policies also exclude coverage for "personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in the insured's advertisement; and arising out of the wrong description of the price of goods, products, or services stated in your advertisement.

43.     Since the Underlying Lawsuit alleges that Bangkok's sushi products do not conform to the representations made about its quality made on its labeling, there is no coverage under the Society Policies.

44.     There also is no coverage pursuant to the Exclusion O in the Society Policies, "Recall of Products, Work Or Impaired Property". This exclusion prevents coverage for "[d]amages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of" the insured's work, produce, or impaired property "[i]f such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it." Here, there is no coverage for any sums that Bangkok may incur to change the labels, marketing, advertisements, sushi, or anything else, in order to comply with the law; orders or injunctions entered by the

court or any governmental agencies/bodies; and/or agreements with Daly, or anyone else with respect to the allegations and/or conduct alleged in the Underlying Lawsuit.

45.     Further, no coverage is available for any punitive damages or injunctive relief requested against or from Bangkok as they are not considered damages under the Society Policies and by operation of law. In addition, punitive damages are uninsurable as a matter of law.

46.     There is also no coverage for attorneys' fees, as they are not "damages" and because they are excluded from coverage under the Society Policies under the supplementary payments provision.

47.     No exceptions apply to prevent application of the aforementioned exclusions.

48.     Upon information and belief, the defendants disagree with the foregoing positions.

49.     There is an actual and justiciable controversy between the parties, which may be determined by a judgment order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY, requests this Court to enter an order:

a.   In the alternative to the declaration sought in Count I, finding and declaring that the allegations of the Underlying Lawsuit and the conduct alleged therein is excluded from the coverage of the Society Policies;

b.   Finding and declaring that Society has no obligation under the Society Policies to defend or indemnify Bangkok with respect to the Underlying Lawsuit; and

c.   Granting Plaintiff Society any and all other relief this Court deems proper.

### COUNT III – No Coverage for Injury or Damage Outside of Policy Period

50.     Pleading in the alternative and without prejudice to its other pleadings and allegations, Plaintiff Society realleges Paragraphs 1–49 as Paragraph 50 of Count III as if fully set forth herein.

51.     The Society Policies first incepted on January 1, 2020.

52.     The Underlying Lawsuit seeks certification of a class of all United States citizens, and a sub-class of all Illinois citizens, that have purchased the mislabeled sushi product within five years prior to the filing of the Underlying Lawsuit, or since August 19, 2016.

53.     The Society Policies provide coverage only for "bodily injury" and "property damage" that occurs during the policies' policy periods, and only if the insured did not know that the "bodily injury" or "property damage" had occurred in whole or in part.

54.     Even assuming the Underlying Lawsuit contained allegations of "bodily injury" or "property damage" caused by an "occurrence," which Society denies, there is no coverage under the Society Policies because the "bodily injury" or "property damage" began and was known by Defendant prior to the inception of the Society Policies.

55.     Even assuming the Underlying Lawsuit contained allegations of "bodily injury" or "property damage" caused by an "occurrence," which Society denies, there would be no coverage for any "bodily injury" or "property damage" that occurred outside of the policy periods of the Society Policies.

56.     Additionally, the Society Policies only provide coverage for "personal and advertising injury" caused by an offense if the offense was committed during the policy period.

57.     Even assuming the Underlying Lawsuit contained allegations of "personal and advertising injury", which Society denies, there is no coverage under the Society Policies for any alleged offenses which were committed, or first committed, prior to January 1, 2020.

58.     The Society Policies also exclude coverage for "personal and advertising injury" arising out of written publication of material whose first publication took place before the beginning of the policy periods.

59.     Therefore, even assuming the Underlying Lawsuit contained allegations of "personal and advertising injury," which Society denies, there is no coverage under the Society Policies for "personal and adverting injury" because the Underlying Lawsuit seeks recovery for material that was allegedly first published prior to the inception of the Society Policies.

60.     Upon information and belief, the defendants disagree with the foregoing positions.

61.     There is an actual and justiciable controversy between the parties, which may be determined by a judgment order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

**WHEREFORE**, Plaintiff, SOCIETY, requests this Court to enter an order:

a.  In the alternative to the declaration sought in Count I and Count II, finding and declaring that Society has no obligation under the Society Policies to defend or indemnify Bangkok with respect to the Underlying Lawsuit and conduct alleged within said lawsuits and

b.  Granting Plaintiff Society all other and further relief this Court deems proper.

15

Respectfully submitted,

PURCELL & WARDROPE CHTD.

/s/ Amy E. Frantz
One of Society's Attorneys

Michael D. Sanders (#62301878)
Amy E. Frantz (#6312526)
Michelle A. Miner (#6299524)
Purcell & Wardrope Chtd.
10 S. LaSalle St., Ste. 1200
Chicago, IL 60603
Tel: (312) 427-3900
MSanders@pw-law.com
AFrantz@pw-law.com
MMiner@pw-law.com